IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Steven Almedo, | ) | Civil Action No.: 2:11-389-MBS-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Willie Eagleton, | ) | |
| | ) | |
| Respondent. | ) | |

The pro se Petitioner filed this habeas corpus action on February 17, 2011. (Dkt. # 1.) Before the court is the Petitioner's Motion for Summary Judgment which was filed on May 2, 2011. (Dkt. # 14.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court

The Respondent was only recently served with the habeas petition in this case (Dkt. # 10), and he moved for an extension of the time period within which he is to file a return or other responsive pleading. (Dkt. # 11.)  On April 29, 2011, the Court granted the Respondent's Motion for an Extension and his responsive pleading is now due May 31, 2011. (Dkt. # 12.)[1] As the Respondent has not yet even filed a return or other responsive pleading and the time for doing so has not run,  this motion should be denied.  *See*

---

[1] It appears that the Petitioner mailed his motion for summary judgment based on the Respondent's failure to respond on the same date as the Court entered its order granting the Respondent an extension.

*Blackwell v. Bennett*, 2008 WL 5273606 (W.D.N.C. 2008) (unpublished) (holding that "[i]t goes without saying that inasmuch as all of the defendants have not yet been served and/or had the opportunity to respond to his Complaint, the Plaintiff's Motion for Summary Judgment must be dismissed, without prejudice, as premature." )

Based on the foregoing, it is recommended that the Petitioner's Motion for Summary Judgment (Dkt. # 14) be DENIED without prejudice as premature.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

May 3, 2011
Greenville, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).