IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Steven Almedo,[1] | ) | Civil Action No.: 2:11-389-MBS-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Warden Willie Eagleton, | ) | |
| | ) | |
| Respondent. | ) | |

   The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254.
This matter is before the Court on the Respondent's Motion for Summary Judgment (Dkt.
# 18) and the Petitioner's Second and Third Motions for Summary Judgment (Dkt. # 24 and
26).

   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and
Local Rule 73.02, D.S.C., this magistrate judge is authorized to review posttrial petitions for
relief and submit findings and recommendations to the District Court.

   The Petitioner brought this habeas action on February 15, 2011. (Dkt. # 1.)[2] On
May 19, 2011, the Respondent moved for summary judgment. (Dkt. # 18.) By order filed
May 20, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the
Petitioner was advised of the summary judgment dismissal procedure and the possible
consequences if he failed to adequately respond to the motion. (Dkt. # 20.) On June 6,

---

   [1]There are references in the record which spell the Petitioner's name as "Stephen
Almeda." (*See, e.g.,* State Return Attach. #6 - PCR Conditional Dismissal Order 1 n. 1.)
Additionally, the SCDC website lists the Petitioner as "Stephen Almeda." (SCDC,
https://sword.doc.state.sc.us/scdc-public (last visited September 21, 2011)). However, as
the Petition and the docket show the Petitioner's name as being spelled "Steven Almedo,"
the undersigned will also refer to the Petitioner's name in this report as "Steven Almedo."

   [2]As there was no prison mailroom date stamp, this filing date reflects the date that
the envelope containing the petition was postmarked. (Dkt. # 1- Pet. Attach. # 2.) *See
Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when
filed with prison authorities for forwarding to the district court).

2011, the Petitioner filed a response opposing the Respondent's Summary Judgment Motion and a Second Motion for Summary Judgment. (Dkt. # 24.)[3]  On July 13, 2011, the Petitioner filed a Third Motion for Summary Judgment.  (Dkt. # 26.)

## FACTS/ PROCEDURAL HISTORY

The Petitioner is currently incarcerated in the Evans Correctional Institution.  In May 2008, the Petitioner was indicted for possession with intent to distribute ("PWID") crack cocaine and possession of a Schedule IV drug.  Barbara Wilson Pratt, Esquire, represented the Petitioner on these charges.  On June 24, 2008, the Petitioner entered a negotiated plea of guilty to the PWID offense and the other drug charge was dismissed. The Honorable Larry B. Hyman, Jr., accepted the plea and sentenced the Petitioner to nine years. The Petitioner did not file a direct appeal.

On September 21, 2009, the Petitioner an application for post-conviction relief ("PCR"), in which he raised the following grounds for relief: 1) Ineffective assistance of counsel; 2) Involuntary guilty plea; and  3) *Brady* violation-prosecution misconduct. On November 10, 2010, a Conditional Order of Dismissal was filed finding the Petitioner's application was barred by the  statute of limitations.  On December 18, 2009, a Final Order of Dismissal was filed dismissing the PCR application.

On January 5, 2011, the Petitioner filed another PCR application raising the following grounds for relief: 1) Denial of due process; and  2) Ineffective assistance of counsel.  The State filed a motion to dismiss which is currently pending before the Court of Common Pleas for Horry County.

On February 12, 2011, the Petitioner filed this federal habeas petition raising the following grounds for relief, quoted verbatim:

---

[3]The Petitioner's First Motion for Summary Judgment (Dkt. # 14) which was filed on May 2, 2011, was dismissed without prejudice as premature by the United States District Court on June 3, 2011. (Dkt. # 22.)

**Ground One:** *Brady* violation
**Supporting Facts:** Prosecution failed to disclose evidence cellular phone seized by police in connection to the charge

**Ground Two:** Police Misconduct
**Supporting Facts:** Street clothes officers from Myrtle Beach Police Department used violate verbal commands while exposing guns forcing the Petitioner to confess that the drugs found inside the vehicle unit was his drugs during the arrest. Petitioner was not aware that the men were police but that he was being robbed.

**Ground Three:** Ineffective Assistance
**Supporting Facts:** When asked counsel Barbara Pratt about an hearing to discover the nature of the contents inside the cell phone, she refused to respond. When asking her about my being forced by the police to confess that these drug that were found inside the vehicle, counsel response was we cant prove it. Counsel never believed I was innocent of the charges and always disagreed with me and told me the only chance I had was to plea.

**Ground Four:** Involuntary plea.
**Supporting Facts:** Petitioner was led to plea upon counsel advice. He never wanted to plea but go to trial.

(Habeas Pet. Attach. # 1.)

## APPLICABLE LAW

**Summary Judgment Standard**

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an

adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1).

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

### HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or

4

> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(*quoting Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. *Id.* at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. *See id.* at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 786. "If this standard is difficult to meet, that is because it was meant to be." *Id.* Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in

5

the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*quoting Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring in judgment)).

**EXHAUSTION AND PROCEDURAL BAR**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (I) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

6

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

7

B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

8

C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

9

## DISCUSSION

The Respondent contends that this habeas petition is barred by the AEDPA's one-year statute of limitations. The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. *See* Rule 203(b)(2), SCACR (ten day limit in which to appeal after a conviction in general sessions). If a defendant does not file a direct appeal, his conviction becomes final after ten days. *Crawley v. Catoe,* 257 F.3d 395 (4th Cir. 2001).

Here, the Petitioner pled guilty to PWID crack cocaine on June 24, 2008, and thus he had ten days to file an appeal. Because the Petitioner did not file a direct appeal, his conviction became final on July 7, 2008.[4]   Accordingly, the one year time period within which to file for federal habeas relief began to run on July 7, 2008, and the Petitioner had until July 7, 2009, to file his habeas action under the AEDPA statute of limitations absent any tolling.[5]  The Petitioner filed his first application for PCR on September 21, 2009, after the statute of limitations period had already expired and thus it could not toll the one year time period.  Additionally, the Petitioner's second PCR action, which was recently filed on

---

[4]Ten days after June 24, 2008, would have fallen on Friday, July 4, 2008. However, as that day was a legal holiday, the Petitioner would have had until the next day which was not a Saturday, Sunday, or legal holiday to file a direct appeal, or Monday, July 7, 2008, to file his appeal.  *See* Rule 234(a), SCACR ("In computing any period of time prescribed or allowed by these Rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period . . . is to be included, unless it is a Saturday, Sunday or a state or federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor such holiday").

[5]The undersigned notes that the Respondent states the Petitioner had ten days after his conviction became final on June 24, 2008, or until August 4, 2008. (Pet'r's Mem. Supp. Summ. J. Mot. at .)  The reference to August is clearly an error and should be July 4, 2008. In any event, the analysis remains the same as the Petitioner did not file his first PCR until September 21, 2009, well over a year after the date his conviction became final.

February 12, 2011, also could not toll the already expired time period and, furthermore, is barred as successive under state law.

The United States Supreme Court has held that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ----, ----, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010).  To be entitled to equitable tolling, a petitioner must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Here, however, the Petitioner has not set forth any explanation as to why his petition is untimely and has failed to show that he was prevented from timely filing by extraordinary circumstances that were beyond his control.  Accordingly, he is not entitled have the statute of limitations equitably tolled. Based upon the foregoing, the petition was not timely filed, and it is barred by Section 2244(d)(1).

In his Response to the Respondent's Summary Judgment Motion and in his Second Motion for Summary Judgment, the Petitioner argues that he is entitled to equitable tolling because he is actually innocent.  Specifically, the Petitioner contends that he was framed by the Myrtle Beach Police Department because the police admitted the drug buy was "staged."  Neither the United States Supreme Court nor the Fourth Circuit Court of Appeals has held that an actual innocence claim is sufficient to warrant equitable tolling.[6]  However, even under an actual innocence exception, the Petitioner's petition falls short of the

---

[6]Several other circuits that have addressed this issue have held that there is no actual innocence exception to the statute of limitations in habeas cases. *See, e.g., Escamilla v. Junwirth*, 426 F.3d 868, 872 (7th Cir. 2005) (holding "Prisoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action."); *David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003) (holding "defendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming."); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (holding "claims of innocence do not preclude the dismissal of his petition as untimely."). However, the Sixth Circuit has held that a petitioner is entitled to equitable tolling if he can make a credible showing of actual innocence. *See Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005).

necessary showing. In order to use an actual innocence claim as a procedural gateway to assert claims that are otherwise procedurally barred, the petitioner must present "new reliable evidence" and "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). To pass through the *Schlup* gateway, a petitioner must show reliable evidence of his innocence that was not, and could not have been, presented at trial. *Id.* at 324-328.

In this case, the only evidence the Petitioner has offered to support his claim of actual innocence consists of his own assertions that the drug buy was staged. Because this evidence was known and available to the Petitioner at the time he entered his guilty plea, it does not constitute the type of new evidence required by *Schlup* or otherwise warrant equitable tolling. *See, e.g., Lee v. Lampert,* --- F.3d ----, 2011 WL 3275947 (9th Cir. 2011); *Flanders v. Graves*, 299 F.3d 974, 976–977 (8th Cir. 2002) (holding that an actual innocence claim would not equitably toll the period of limitation for filing a habeas petition absent a showing of "some action or inaction on the part of the respondent that prevented him from discovering the facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitation."). Accordingly, the Petitioner's Second Motion for Summary Judgment should be denied.

In his Third Motion for Summary Judgment, the Petitioner states that the Respondent failed to file an answer to the Petition prior to the May 31, 2011 deadline. (Dkt. # 26.) On April 29, 2011, the Respondent was granted an extension until May 31, 2011, to file a response to the habeas petition. (Dkt. # 12.) The proper filing of a summary judgment motion effectively stays the time within which to file an answer. Here, the Respondent timely filed a motion for summary judgment, rather than an answer. Accordingly, the Petitioner's Third Motion for Summary Judgment should be denied.

## CONCLUSION

12

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 18) be GRANTED; the Petitioner's Second and Third Motions for Summary Judgment (Dkt. # 24 and 26) be DENIED; and the Petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 22, 2011
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).