IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Almedo, #329280, a/k/a Stephen Almeda, | C/A No. 2:11-389-MBS |
| Petitioner, | |
| vs. | **OPINION AND ORDER** |
| Willie Eagleton, | |
| Respondent. | |

Petitioner Steven Almedo is an inmate in custody of the South Carolina Department of Corrections who currently is housed at Evans Correctional Institution in Bennettsville, South Carolina. Petitioner, proceeding pro se, filed the within petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 17, 2011, alleging that he is being detained unlawfully.

This matter is before the court on motion for summary judgment filed by Respondent on May 19, 2011. By order filed May 20, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. On June 6, 2011, Petitioner filed a motion for summary judgment and response in opposition to Respondent's motion. On July 13, 2011, Petitioner filed a subsequent motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On September 22, 2011, the Magistrate Judge issued a Report and Recommendation in which she recommended that the § 2254 petition be dismissed as barred by the limitations period set forth in 28 U.S.C. § 2244. Petitioner filed objections to the Report and recommendation on October 6, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

Petitioner was indicted in May 2008 in Horry County, South Carolina, for possession with intent to distribute crack cocaine and possession of a Schedule IV drug. Petitioner was represented by Barbara W. Pratt, Esquire. On June 24, 2008, Petitioner appeared before the Honorable Larry B. Hyman pursuant to a plea agreement and negotiated sentence. At the hearing, Petitioner acknowledged understanding the indictment and recognizing the factual basis. ECF No. 19-1, 6. The solicitor then recounted the facts for the trial judge as follows:

> [SOLICITOR]: Yes, your honor, on December the 13th, 2007, officers from the Myrtle Beach Police Department Street Crimes Unit were in plain clothes at the incident location off of Kings Highway. They had received information that a drug dealer with the name, street name of "Pops" and in parenthesis it's Stephen John Almeda, this defendant, was in possession of some undisclosed amount of illegal drugs. There was supposed to be a meeting in this parking lot. Officers observed the suspect vehicle come into the parking lot which had been described to them, conduct a surveillance, approached the vehicle and at that time this defendant had actually I believe cause[d] there [to be] a couple of other subjects that were arrested for loitering and drugs but this defendant was actually found to be in possession of at that time was 11.9 grams. That's the reason why instead of the trafficking charge originally on the warrant he's pleading to the [possession with intent to distribute].
>
> . . . .
>
> THE COURT: All right, do you agree with the facts as stated by the Solicitor, Mr. Almeda?
>
> DEFENDANT ALMEDA: Yes, your honor.

THE COURT: And are you pleading guilty because you are guilty of those facts?

DEFENDANT ALMEDA: Yes, sir.

Id. at 6-7.

The trial judge sentenced Defendant to nine years incarceration with credit for time served. Id. at 11. Petitioner did not file for a direct appeal.

Petitioner filed an application for post-conviction relief (PCR) on September 21, 2009. The State moved to dismiss the PCR application on the grounds that the application was barred by the applicable statute of limitations. See S.C. Code Ann. 17-27-45(a) (providing for a one year limitations period after the entry of a judgment of conviction). The PCR application was dismissed by the Honorable Steven H. John on December 16, 2009. Petitioner failed to file a proper notice of appeal with the South Carolina Court of Appeals.

Petitioner filed a second PCR application on January 5, 2011. As of May 19, 2011, the second PCR application still was pending in state court.

## DISCUSSION

Petitioner contends that the Magistrate Judge erred in finding that the within § 2254 petition is barred by the applicable statute of limitations. The court disagrees.

Section 2254(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, the limitations period commenced July 7, 2008, ten days after entry of judgment on June 24, 2008.[1] See Harris v Hutchinson, 209 F.3d 325, 328 (2000). Thus, Petitioner had until Tuesday, July 7, 2009, to file for federal habeas review. Petitioner failed to do so.

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As noted hereinabove, Petitioner did not file a PCR application in state court until September 29, 2009, twelve weeks after the expiration of the § 2244(d)(1) limitations period. Petitioner's state court PCR filings did not toll the § 2244(d)(1) limitations period.

Petitioner contends that the statute of limitations should be equitably tolled to avoid manifest injustice. Petitioner contends that he is "actually innocent" of the offense and that he was "set up" by law enforcement officers. As a general matter, principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations. Hutchinson, 209 F.3d at 328. To be entitled to equitable tolling, Petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Lawrence v. Florida, 549 U.S. 327, 336 (2007)

---

[1] Ten days after entry of judgment technically was Friday, July 4, 2008, a federal holiday. Accordingly, the judgment became final on the next business day, July 7, 2008.

(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner establishes neither factor. Had Petitioner been "set up" he would have known it at the time of his guilty plea and sentencing. Instead, he admitted his guilt to the trial judge. Petitioner failed to challenge his guilty plea or sentence in state court until September 21, 2009, approximately fifteen months after he appeared before the trial judge. The within action was not filed until February 17, 2011, nearly three years after he appeared before the trial judge. The court concludes that Petitioner was not diligent in pursuing his rights. Moreover, there is no allegation in the record that any extraordinary event prevented Petitioner from the timely filing of his § 2254 petition. The court declines to apply equitable estoppel to toll the applicable limitations period.

## CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. Respondent's motion for summary judgment (ECF No. 18) is **granted**. Petitioner's motions for summary judgment (ECF Nos. 24 and 26) are **denied**, and the § 2254 petition is dismissed, with prejudice.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84

(4th Cir.2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

January 26, 2012

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**